UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

RECEIVED
19 DEC -2 AM 9:39
U.S. BANKRUPTCY COURT
MINNEAPOLIS, MN

In Re: Roy Daniel Marttinen

    Debtor.

Case No. 19-40102-KAS

Knife River Corporation,

Adversary No.: 19-04123

    Plaintiff,

RESPONSE TO MOTION AND MOTION FOR
SUMMARY JUDGMENT

Vs.

Roy Daniel Marttinen,

    Defendant.

---

TO: Knife River Corporation

Herein is the response of Roy Daniel Marttinen to plaintiff's request for summary judgment and my motion for summary judgment. Plaintiff is requesting a debt owed by Bluefin Builders Inc be held non-dischargeable in debtor's bankruptcy case. Defendant alleges that defendant is not liable on debts owed by Bluefin Builders Inc. and therefore, summary judgment should be granted in my favor. In the alternative, there are many factual disputes at issue with Knife River's complaint and we should proceed to trial.

Dated: 11-26-2019

/s/ Roy Daniel Marttinen

Pro se

4002 Hendricks Drive NW

Maple Lake, MN 55358

763-300-7831

## Statement of facts

Knife River Corporation alleges that a debt owed by BlueFin Builders Inc. is not dischargeable in my personal Chapter 7 Bankruptcy. And yet, all of the bills attached to plaintiff's exhibits are bills that were in the name of BlueFin Builder's Inc.

Because I am not liable for BlueFin Builders Inc.'s debts, plaintiffs motion for summary judgement should be denied and my motion summary judgment should be granted.

Plaintiff's failed to file liens in a timely manner and now their only recourse is to object to me discharging a debt in my personal bankruptcy. This is not right and this is not fair.

Even if the court doesn't grant my motion for summary judgment, there are numerous facts that are in dispute. For example, I never took my family to Europe. I went there to visit my brother. The plane tickets were purchased well before any of the jobs in question began. Second, plaintiff failed to timely file a lien on any of these properties. Plaintiff failed to protect themselves. Third, the collections department at plaintiff's business was upset with me because it was too late for them to file a lien. This is not my fault. Fourth, I never told plaintiff I had collected all the payments. This was a misunderstanding. I told her that I was trying to collect payments and I was fighting to stay out of bankruptcy but that once my license got revoked, I could not keep up with the payment arrangement I had made with plaintiff which is a fifth issue in dispute. Fifth, plaintiff states in their motion they had invoiced "the debtor". That is not factually correct. They actually invoiced BlueFin Builders, INC as is seen in their own exhibits.

Sixth, in December of 2018, I was still trying to collect the accounts payable and pay all my bills. I had a stroke on December 22, 2018. I reached out to plaintiff to negotiate a payment plan in late December 2018. However, by January 2019, the state of Minnesota revoked my license and I was unable to continue working for Bluefin Builders, Inc, as a licensed contractor. Losing my license and my medical problems resulted in my inability to work for Bluefin Builders, Inc.

Seventh, at no time did I represent to plaintiff that they were going to get paid in full when I didn't believe they would. That is why we started the process to negotiate a payment arrangement.

Eighth, I tried to make the payment arrangement to avoid bankruptcy. However, my health coupled with losing my business license changed that reality.

Ninth, there was no representations between Bluefin Builders, Inc or myself to plaintiff that all vendors had been paid in full. If plaintiff is objecting to me discharging a debt owed by Bluefin Builders, Inc, this should fail because a) Bluefin Builders, Inc. owes the debt and b) plaintiff could not have relied on any representations made by Bluefin or me because no representations were made to plaintiff.

Tenth, there is no connection to the title company and plaintiff. Bluefin Builders, Inc was a subcontractor and plaintiff was my supplier. Any representation made by Bluefin Builders, Inc to the title company is separate from my bankruptcy case.

Eleventh, there is no personal guarantee signed by me to plaintiff. There is only a credit application signed by Bluefin Builders, Inc, not me personally.

Twelve, we have 12 children and I have a sick wife and I have been sick myself. This attempt to object to me discharging a debt from plaintiff has taken its toll on me. This is not right for a creditor to be able to do this and then try and get summary judgment.

## CONCLUSION

For all the foregoing reasons, defendant respectfully requests the court order:

1) Denying plaintiff's motion for summary judgment;
2) Granting defendant's motion for summary judgment;
3) For other relief the court finds equitable.

Dated: 11-26-2019

/s/ Roy Daniel Marttinen

Pro se

4002 Hendricks Drive NW

Maple Lake, MN 55358

763-300-7831

## AFFIDAVIT OF SERVICE

**Roy Daniel Marttinen, being first duly sworn on oath, states that on November 26, 2019 he served the attached response to motion and motion for summary judgment by placing the same in a post office box addressed as below, postage prepaid, first class mail in St Cloud, Minnesota:**

**James I Roberts**
**Attorney for Plaintiff**
**5280 15th Avenue Southeast**
**St. Cloud, MN 56304**

_____
Roy Daniel Marttinen

SUBSCRIBED AND SWORN TO BEFORE ME
November 26, 2019

_____
NOTARY PUBLIC

SONJA KRISTINE QUAINTANCE
NOTARY PUBLIC-MINNESOTA
My Comm. Exp. Jan. 31, 2020

Bankruptcy Clerk's Office          11-26-2019
301 U.S. Courthouse
300 South 4th street
Minneapolis, MN 55415

RE: Knife River Corporation, plaintiff, vs. Roy Daniel Marttinen     adv. No. 19-04123

Dear Clerk of court:

Enclosed for filing please find my response to plaintiff's motion and motion for summary judgment.

Thank you kindly.


/s/
Roy Daniel Marttinen

Roy Huttunen
4002 Hendricks DR NW
Maple Lake, MN 55358

Bankruptcy Clerk's office
301 U.S. Courthouse
300 South 4th street
Minneapolis, MN 55415

55415-225575